IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MATTHEW GEORGE MALTBY, | : | |
| Petitioner | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-465 (MTT) |
| STATE OF GEORGIA, | : | |
| Respondent | : | **ORDER** |

Petitioner **MATTHEW GEORGE MALTBY**, an inmate at the Bleckley Probation Detention Center in Cochran, Georgia, has filed a *pro se* Petition for Writ of Mandamus

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed

without paying an initial partial filing fee.

Hereafter, petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of petitioner shall forward said payments from petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where petitioner is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

## III. STATEMENT AND ANALYSIS OF PETITIONER'S CLAIM

In his *pro se* Petition for Writ of Mandamus, petitioner requests the Court to "compel the Georgia Department of Corrections . . . Probation Director to award petitioner with credit for the time served in the Toombs County Jail from January 2, 2010 until May 3, 2010." Petitioner states that O.C.G.A. § 17-10-11 commands that he be given credit for the time he served in this local jail.

The Court notes that petitioner previously filed a federal habeas corpus action in this Court pursuant to 28 U.S.C. § 2241. *See Maltby v. Toombs County Superior Court*, 5:10-CV-371 (CAR). The Court dismissed this habeas without prejudice and informed petitioner that he needed to exhaust his state remedies by either filing an injunction or mandamus against the Georgia Department of Corrections or filing a habeas corpus action in the proper **state** court; not federal district court. *See Williams v. State*, 300 Ga. App. 319 (2009); *Smashey v. State*, 282 Ga. App. 293 (2006); *Beasley v. State*, 255 Ga. App. 522 (2002).

Federal mandamus is available only "to compel an officer or employee of the United States ... to perform a duty owed to the petitioner." 28 U.S.C. § 1361. Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. *See Ferguson v. Alabama Crim. Justice Info. Ctr*., 962 F. Supp. 1446 (M. D. Ala. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Auth*., 485 F. Supp. 501 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.). Therefore, this Court has no authority to compel the Georgia Department of Corrections, the Commissioner of the Georgia Department of Corrections, or any other state or local official, to award petitioner credit for the time he served in the Toombs County Jail prior to his transfer to the Bleckley Probation Detention Center. Instead, his action needs to be brought "directly with the Department of Corrections and, if necessary thereafter, by way of mandamus or injunction action" in the proper **state** court. *See Edwards v. State*, 283 Ga. App. 305 (2007).

Petitioner's Petition for Writ of Mandamus is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 3rd day of December, 2010.

s/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

lnb